**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REUBEN AVENT,

                        Plaintiff,

    - v -                                    Civ. No. 1:19-CV-830
                                                       (LEK/DJS)

PROGRESSIVE CASUALTY INSURANCE
COMPANY, *et al.*,

                        Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

REUBEN AVENT
Plaintiff, *Pro Se*
300 West 147 Street
Apt. 1A
New York, NY 10039

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Reuben Avent. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B. Allegations Contained in Plaintiff's Complaint

The Complaint alleges that Plaintiff obtained car insurance with Defendant Progressive Casualty Insurance ("Progressive") in July of 2017, and entered into a contract regarding the same. Compl. at ¶¶ 3-4. In February of 2018, Plaintiff's car was damaged by an auto shop service worker, and Defendant Jones of Progressive denied all of Plaintiff's claims, with Plaintiff required to pay all the costs of fixing the car, including

3

the cost of diagnostics requested by Progressive; some claims were later granted by Progressive. *Id.* at ¶¶ 5-9. Defendants raised Plaintiff's premiums after these incidents, and separated the incident into three separate claims. *Id.* at ¶¶ 9-10.

On May 17, 2018, a white truck driver, also insured by Defendants, clipped Plaintiff's car door while Plaintiff was parked causing $4,249.87 in damage. *Id.* at ¶¶ 11-13. The driver of the other car drove through the parking area unlawfully, causing the accident; regardless of the evidence demonstrating the white driver was in the wrong, Defendants Barror and Progressive found Plaintiff was at fault. *Id.* at ¶¶ 13-14. Plaintiff asserts Defendants "used race and an [a]nimus bias to come to such conclusions." *Id.* at ¶ 15. Plaintiff's premium was again raised; then his insurance "had to stop for 15 days" and Defendants cancelled his insurance policy. *Id.* at ¶ 16. Plaintiff then reinsured with Defendant Progressive after his insurance had been canceled for nonpayment, and the premium increased again, because of the mishandled February 2018 claims and because of the parking lot accident. *Id.* at ¶ 17.

Plaintiff alleges Defendants Progressive and Unknown Company Representatives discriminated against him by improperly recording the incidents and raising his insurance rates and unfairly terminating his insurance contract, and that Defendants have refused to correct their actions. *Id.* at ¶¶ 18-19 & 21. Plaintiff alleges that as a result of this, he cannot obtain insurance from any other provider, and as a result he has not been able to drive a car and has been forced to leave his job in upstate New York. *Id.* at ¶¶ 20 & 22.

Plaintiff seeks over $12 million in compensatory and punitive damages, as well as an injunction compelling Defendants to reimburse him for the higher premiums, to re-instate his insurance, to clear his insurance history, and to grant him additional insurance protection. *Id.* at ¶¶ 24, 25, 30, & 32.

### C. Sufficiency of the Pleading

*1. Plaintiff's Claim Under Federal Law*

Plaintiff alleges a violation of 42 U.S.C. § 1981. Compl. at ¶¶ 1 & 26-30. "To establish a claim under 42 U.S.C. § 1981, plaintiffs must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). Such allegations must be specific and non-conclusory. *Boomer v. Bruno*, 134 F. Supp. 2d 262, 269 (N.D.N.Y. Feb. 27, 2001). Here, Plaintiff has alleged that he is a member of a racial minority, and he alleges that he was discriminated against on the basis of race; however, he fails to sufficiently allege Defendants' discriminatory intent. *See* Compl. at ¶ 15. Plaintiff alleges that "these defendants used race and an [a]nimus bias to come to such conclusions in favor of the white truck driver whom they sought to protect over the duty to protect plaintiff . . ." *Id.* However, Plaintiff fails to plead any specific facts relating to Defendants' alleged discriminatory intent. As such, the Court recommends this claim be dismissed. *See Sims v. Nichols*, 2013 WL 3207252, at *12

5

(N.D.N.Y. May 18, 2013) ("[N]aked assertions of racial motivation will not suffice to state a cause of action.") (internal quotation marks omitted) (citations omitted); *Guichardo v. Langston Hughes Queens Library*, 2015 WL 13227995, at \*4 (E.D.N.Y. Nov. 20, 2015); *George v. JP Morgan Chase Mahattan Bank*, 2006 WL 929597, at \*2-3 (E.D.N.Y. Apr. 7, 2006).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at \*4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).  However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at \*3 (N.D.N.Y. Feb. 25, 2015).  Here, it is possible that Plaintiff could make out a proper claim if given the opportunity to replead. Therefore, in light of Plaintiff's *pro se* status, the Court recommends that he be given an opportunity to replead this claim before it be dismissed.

### 2. Plaintiff's Remaining Claims

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3)

(court may raise basis of its jurisdiction *sua sponte*).  When subject matter jurisdiction is lacking, dismissal is mandatory.  *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  In light of his *pro se* status, the Court will *sua sponte* assess whether subject matter jurisdiction is present in this case if Plaintiff's Section 1981 claim is dismissed, leaving only state law claims.  Compl. at ¶¶ 23-25 & 31-32.

Plaintiff states in his Complaint that "[t]his Court has jurisdiction over the action as all defendants are equally based in another state out side of New York where the allege[d] violations took place."  *Id.* at ¶ 2.  Plaintiff's civil cover sheet provides that the basis of jurisdiction for this matter is both Federal Question and Diversity.  S*ee* Dkt. No. 1-1 at p. 1.  For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state . . .;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

To the extent that Plaintiff intended to plead diversity, he fails to allege the Corporation's state(s) of incorporation and principal place of business, as well as the individual Defendants' citizenship.  28 U.S.C. § 1332(c); *Kruglov v. Copart of*

*Connecticut, Inc.*, 771 Fed. Appx. 117 (2d Cir. July 2, 2019) (summary order). As such, the Complaint fails to properly plead complete diversity. *See Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156-57 (S.D.N.Y. 1991).

The Court also notes that, while it need not reach this issue, Plaintiff provides no basis or explanation for the amount of damages he demands. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. While it is true that courts view the amount demanded in the complaint as a "good faith representation of the actual amount in controversy," that is a "rebuttable presumption." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 1994) (citation omitted). Jurisdiction will be found lacking where "from the face of the pleadings it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, Plaintiff fails to specify his damages and the causes thereof; the only specific damage amount provided in the Complaint is the $4,249.87 of damage caused by the parking lot accident. The Court would advise that, should Plaintiff seek to contend that this action is subject to this Court's jurisdiction because of diversity in any amended complaint, he provide a more detailed basis to support a finding that his claims could support a damages award exceeding $75,000. *See Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. at 1156-57.

As currently pled, Plaintiff has failed to establish that the Court has jurisdiction over his Complaint on the basis of diversity. Should the District Court adopt the

recommendation to dismiss Plaintiff's claim based in federal law, the Court would lack subject matter jurisdiction over this matter.

In the event that Plaintiff's Section 1981 claim is dismissed, the Court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's first and third causes of action, which appear to be purely state law claims, in the absence of any remaining federal claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if [ ] the district court has dismissed all claims over which it has original jurisdiction"). *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.") (internal quotation marks omitted); *Bellanich v. Doe*, 164 Fed. Appx. 193, 194 (2d Cir. 2006) (summary order); *Robinson v. Med. Answering Serv.*, 2018 WL 7269719, at *3-4 (N.D.N.Y. Nov. 13, 2018).

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  July 29, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).